# Lowry *v.* Clark, Appellant.

*Replevin—Claim property bond—Release of surety—Attorney at law.*

An attorney at law has no authority to release a surety in a claim property bond, so as to bind his client.

Where the sheriff notifies a surety in a claim property bond that by consent of counsel for the plaintiff in the replevin he is released from liability, and another person is substituted in his place, the sheriff is not estopped from maintaining an action on the bond, because (1) the notice on its face shows want of authority, and (2) the sheriff is a mere stakeholder. In such a case the equitable plaintiff is not estopped from maintaining the suit because he had knowledge of the so-called substitution of sureties before the trial of the action of replevin, if it appears that the surety in no way suffered from the plaintiff's silence.

Argued April 14, 1902. Appeal, No. 14, April T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 270, on verdict for plaintiff in case of Harvey A. Lowry for use of W. J. McDevitt v. John M. Clark. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a claim property bond. Before STOWE, P. J.

The opinion of the Superior Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $374.30. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*T. H. Davis*, for appellant.

*C. A. O'Brien*, of *O'Brien & Ashley*, for appellee.

OPINION BY BEAVER, J., May 22, 1902:

In an action of replevin the defendant here became surety for the defendants therein in a claim-property bond given to "Harvey A. Lowry, high sheriff of the county of Allegheny, for the use of the successful party in the original suit." In

order to indemnify himself against possible loss, the defendant secured in some way possession of the property which was the subject of the replevin.

This situation continuing, he received, June 16, 1899, the following notice signed by the sheriff in his official capacity: " You are hereby notified that, by consent of counsel for W. J. McDevitt at No. 298, September term, 1898, you are released from all liability as surety for Kepple et al. and W. J. Weixel is substituted in your stead," upon receipt of which he delivered the property to the defendants in the replevin or to one or more of them.

There is some contradictory testimony as to whether or not the present appellant had knowledge of or took any part in the effort to secure the substitution of Weixel for himself as surety upon the claim-property bond, but this was evidently regarded as immaterial by the trial judge in the court below, as it was not submitted to the jury, and the entire question was ruled against him as a matter of law. This question of fact is, therefore, to be taken most strongly in appellant's favor and it is to be assumed that he had no part in securing the substitution, for, if he had, the transaction was of such a character as to preclude the possibility of any one connected with it, with a full knowledge of the facts, from appealing to a court of justice to secure any advantage or indemnity thereunder. The written notice carries to the appellant, upon its face, the knowledge that the substitution of sureties was made not by the use plaintiff for whose benefit the sheriff held the bond as trustee, but by consent of his counsel, and it is admitted that an attorney-at-law has no authority, as such, to release a surety in such a case as this, so as to bind his client. The appellant, however, argues : 1. That the sheriff is estopped from maintaining an action upon the bond against him as surety thereon, because of the written notice of release. To this it seems to us there are two sufficient answers : (*a*) The notice, as already intimated, carries upon its face the information that the substitution was made upon insufficient authority, and (*b*) the sheriff is a mere stakeholder. He has no interest in the bond but simply holds it " for the use of the successful party in the original suit." Appellant further argues : 2. That the equitable plaintiff is estopped from maintaining his suit, because he had knowledge

or notice of the so-called substitution of sureties before the trial of the action of replevin.    There is evidence of such knowledge on the part of the appellee and of inquiry on his part of his attorneys, before the trial of the action of replevin, and, if there was any evidence of any injury to the appellant after such knowledge came to the appellee, he would be bound by his knowledge and silence; but there is not only no evidence but no intimation in the testimony that appellant suffered in any way in consequence thereof.    Was he misled as to anything which he might have done?    If so, how?    Did he suffer in any way by appellee's silence?    If so, in what respect?    There is absolute silence upon this subject.    We cannot infer such injury, without at least some suggested ground upon which such an inference may rest.

That the appellant is the victim of serious imposition is apparent, but we are not now inquiring what his rights and remedies may be by reason thereof.    The present appellee does not seem to have been in any way responsible therefor and, as between them, we think the trial judge in the court below properly held the appellant liable on his bond.

Judgment affirmed.